IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-375-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>TRAE HAKEEM CRANDELL, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court upon receipt of correspondence from the Federal Bureau of Prisons ("FBOP"), dated August 4, 2020, requesting the court's position on whether defendant's federal custodial sentence should run concurrent or consecutive to a North Carolina sentence imposed after his federal sentencing. Said correspondence is attached to this order as Appendix A.

**BACKGROUND**

On November 13, 2018, defendant pleaded guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On March 5, 2019, the court sentenced defendant to 60 months' imprisonment and three years' supervised release. Defendant's advisory Guidelines range was 57 to 71 months' imprisonment, based in part on four-level enhancement to the base offense level for possession of a firearm during a felony offense. (See PSR (DE 26) ¶¶ 6-8, 56). The court's judgment does not indicate whether the sentence should run concurrent or consecutive to any future state sentence. (See DE 34).

According to the instant correspondence, at the time the federal sentence was imposed, defendant was in primary state custody awaiting pretrial proceedings on charges of robbery with a dangerous weapon and conspiracy to commit robbery. (App. A; see also PSR ¶ 27). The

pending robbery charges were "related to the instant offense" and formed the basis of the four-level Guidelines enhancement for possessing a firearm in connection with another felony offense. (See PSR ¶¶ 6-8, 27, 56). After defendant's sentencing in this court, defendant was returned to state custody and the federal judgment was lodged as a detainer. (App. A). On October 8, 2019, defendant was convicted of larceny from the person,[1] and sentenced in state court to 8 to 19 months' imprisonment. (Id.). The state judgment does not indicate whether the state court intended its sentence to run concurrent or consecutive to the instant federal sentence. (Id.). Based on prior custody credits, defendant's state sentence was retroactively satisfied on August 22, 2019, and he was returned to federal custody on October 10, 2019. (Id.). Defendant has requested that the FBOP designate his state correctional institution as the facility for service of his federal sentence, which would have the effect of running his federal sentence concurrently with his state sentence. (Id.).

## COURT'S DISCUSSION

The FBOP designates federal inmates' places of imprisonment. See 18 U.S.C. § 3621(b). The sentencing court, however, retains sole authority to determine whether a federal sentence should run consecutive or concurrent to any state sentence, including one imposed after the federal sentencing. See Setser v. United States, 566 U.S. 231, 237-43 & n.5 (2012); see also United States v. Lynn, 912 F.3d 212, 219-23 (4th Cir. 2019) (Floyd, J. concurring in part and dissenting in part)). Accordingly, the FBOP has requested the court's position on whether it should designate defendant's state correctional facility as the facility for service of a portion of defendant's federal sentence, which would have the effect of running the federal and state sentences concurrently.

---

[1]  Defendant pleaded guilty to the lesser offense of larceny from the person. (See App. A).

Upon review and full consideration of the record, the court is opposed to retroactive designation. Although defendant's instant federal sentence was enhanced based on the conduct underlying the state conviction, the federal and state convictions are based on distinct violations of state and federal law. Defendant's offense conduct was violent and egregious, and his criminal history includes convictions for assault inflicting serious injury and common law robbery. Thus, consecutive sentences were necessary to promote respect for the law, provide just punishment for his offenses, and protect the public. Finally, the court was aware of defendant's pending state charges at the time it imposed the federal sentence, (see PSR ¶ 26), and did not choose to run the federal sentence concurrently with the anticipated state sentence.

Upon filing, the clerk is DIRECTED serve a copy of this order on defendant and to transmit a copy to John O'Brien and Marcus Boudreaux at the FBOP's Designation and Sentence Computation Center.

SO ORDERED, this the 7th day of October, 2020.

                                                    LOUISE W. FLANAGAN
                                                   United States District Judge

3

Case 5:18-cr-00375-FL   Document 46   Filed 10/07/20   Page 3 of 6

# APPENDIX A



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*Designation and Sentence Computation Center*　　　*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

August 4, 2020

FILED

AUG 1 1 2020

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

The Honorable Louise W. Flanagan
United States District Court Judge
　for the Eastern District of North Carolina
United States Courthouse
413 Middle Street
New Bern, North Carolina 28560

RE:　CRANDELL, Trae Hakeem
　　　Register Number: 65349-056
　　　Case Number: 5:18-CR-375-1-FL

Dear Judge Flanagan:

　　On March 5, 2019, Trae Crandell was sentenced by the Court to a 60-month term of confinement for Possession of a Firearm by a Felon. Mr. Crandell has requested that his federal sentence be served concurrently with the state term, which would be accomplished by the Bureau of Prisons (Bureau) designating the state institution for service of his federal sentence under 18 U.S.C. § 3621(b). Such action would thereby reduce the total amount of time spent in custody. In Setser v. United States, 566 U.S. 231, 237 (2012), the United States Supreme Court held that the authority to order a federal sentence concurrent with or consecutive to any other sentence rests with the federal sentencing court. The Bureau is requesting guidance as to how Mr. Crandell's federal sentence should run with respect to a sentence he has served with the State of North Carolina.

　　At the time the federal sentence was imposed, Mr. Crandell was under the primary jurisdiction of state authorities in North Carolina. The respective Judgment in a Criminal Case was silent regarding any relationship with the forthcoming action by the state. Following sentencing, Mr. Crandell was returned to state authorities and the U.S. District Court Judgment was filed as a detainer.

On October 8, 2019, Mr. Crandell was sentenced by the State of North Carolina to an 8 to 19-month term of imprisonment for Larceny From the Person, in Wilson County Court Case Number 18CRS050146. The state sentence information received by the Bureau does not indicate whether the court intended the sentence run concurrent with or consecutive to the federal sentence. On October 8, 2019, Mr. Crandell had exceeded 19 months in custody already, and the state obligation was retroactively satisfied on August 22, 2019, based on prior custody credit applied to the state sentence. On October 10, 2019, Mr. Crandell was released to the federal detainer, to commence the service of his federal sentence as provided by 18 U.S.C. § 3585(a).

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court. Should the Court indicate the sentence is to run concurrently with the state term, the Bureau will commence the sentence in the above judgment on the date of imposition, which will result in Mr. Crandell's release from Bureau custody on or about April 27, 2022. Should the Court indicate the sentence is to run consecutively to the state term, he will continue to a current projected release date of November 26, 2023.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Marcus Boudreaux, Correctional Programs Specialist, at 972-595-3189.

Sincerely,

John O'Brien
Chief

mgb
cc: John E. Harris, AUSA
Jason D. Cole, USPO